**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNIFER EASTMAN and ERIC MCQUISTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>R&R EXPRESS, INC.,<br><br>Defendant. | Case No. 2:26-cv-00240<br><br>Hon. |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

Jennifer Eastman and Eric McQuiston ("Plaintiffs"), individually and on behalf of all others similarly situated, for their complaint against R&R Express, Inc., (collectively, "Defendant" or "R&R Express"), allege as follows:

**NATURE OF THE ACTION**

1. This is a class action adversary proceeding against Defendant for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act"), for the recovery by Plaintiffs on their behalf and on behalf of other similarly situated former employees of Defendant (the "Class" as defined below), for damages in the amount of sixty (60) days' back pay and benefits pursuant to the WARN Act, 29 U.S.C. § 2101-2109.

2. On or around January 12, 2026, less than sixty (60) days prior to termination of their employment, approximately 500 employees of Defendant learned that they were to be terminated immediately without cause, as part of, or as the foreseeable result of, a mass layoff or facility closing ordered by Defendant. The mass termination on or about January 12, 2026, violated

the notice requirements of the WARN Act because it failed to give Defendant's employees at least sixty (60) days' advance written notice of termination.

3. Plaintiffs assert all their claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

5. Venue is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 2104(a)(5) because the events and omissions giving rise to Plaintiffs' claims occurred within this District.

## THE PARTIES

### Plaintiffs

6. Named Plaintiff Jennifer Eastman ("Eastman") is an Illinois resident and was employed by Defendant as a Safety Coordinator and worked for Defendant in Illinois.

7. Named Plaintiff Eric McQuiston ("McQuiston") is a Pennsylvania resident and was employed by Defendant as a Safety Coordinator (and previously as a Logistic Coordinator) and worked for Defendant in Pennsylvania.

8. Defendant terminated Eastman and McQuiston on or about January 12, 2026 without cause, and without providing them with at least 60 days' written notice of their terminations.

9. In addition to Eastman and McQuiston, Defendant employed other similarly situated individuals who worked at, reported to, or received assignments from Defendant.

10. On or about January 12, 2026, other employees who worked at, reported to, or received assignments from Defendant were also terminated from their employment by Defendant, effective immediately.

11. None of Defendant's employees who were terminated on or about January 12, 2026, received advance written notice of their terminations.

12. Each Plaintiff and each similarly situated employee constitutes an "aggrieved employee" within the meaning of the WARN Act.

**Defendant**

13. Defendant is engaged in the business of transportation and logistics services, offering end-to-end solutions, including freight brokerage, expedited shipping, managed transportation, and specialized, over-dimensional, and flatbed freight. Combining company-owned trucks and a network of carriers, Defendant specializes in steel, manufacturing, and military/government sectors.

14. Upon information and belief and at all relevant times, Defendant R&R Express, Inc. is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania.

15. At all relevant times, Defendant conducted business in this District.

16. Upon information and belief, Defendant constituted an "employer" within the meaning of the WARN Act.

## FACTUAL ALLEGATIONS

17. Defendant terminated Plaintiff Jennifer Eastman on January 12, 2026.

18. Defendant terminated Plaintiff Eric McQuiston on January 12, 2026.

19. Defendant sent each of the Named Plaintiffs a written notification on January 13, 2026 confirming their terminations, effective January 12, 2026.

20. On January 12, 2026, Defendant's conducted a "mass layoff" resulting in loss of employment for all employees in the company (approximately 500 employees).

21. Upon information and belief, none of the affected employees received advance notice of their terminations.

22. Upon information and belief, Defendant began negotiating and/or planning the early, voluntary termination of its operations in late 2025.

23. Defendant did not provide 60 days' notice or as much notice as practicable under the circumstances as required by the WARN Act, 29 USC § 2101, *et seq*., even though Defendant planned to cease operations and abolish, terminate, and/or layoff all of its employees.

24. Defendants did not provide any WARN Act notice to any federal, state, or local governments prior to the mass layoff.

25. No circumstances existed that would have permitted Defendant to eliminate the notification period as provided in the WARN Act.

26. By failing to provide its affected employees who were temporarily or permanently terminated on January 12, 2026, with WARN Act notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the statute.

## RULE 23 CLASS ACTION ALLEGATIONS

27. Pursuant to 29 U.S.C. § 2104(a)(5), and Federal Rule of Civil Procedure 23(a) and (b)(3), Plaintiffs bring this adversary proceeding for relief against Defendant for violations of the

WARN Act, 29 U.S.C. § 2101, *et seq*., on their own behalf and on behalf of all other persons similarly situated.

28. Plaintiffs seek certification of a class of employees consisting of:

> All employees who were terminated as part of Defendant's mass layoffs on or about January 12, 2026, and within 30 days of that date, who did not receive 60 days' advance written notice of their termination (the "Class").

29. Plaintiff reserves the right to amend the definition of the Class to include or exclude members.

30. As described below, this action satisfies the numerosity, commonality, typicality, superiority, predominance, and adequacy of representation requirements of Federal Rule of Civil Procedure 23.

**Numerosity**

31. The persons in the Class are so numerous that joinder of all members is impracticable. In the interest of judicial economy, this dispute should be resolved through class action.

32. Upon information and belief, Defendant employed more than 500 employees before the mass layoffs on or around January 12, 2026.

33. Although the precise number of such persons is unknown, the number, identity, and location of the Class members may be identified by the books and records maintained and possessed by Defendant and are ascertainable through appropriate discovery.

34. Upon information and belief, the rate of pay and benefits that were being paid to each Class member by Defendant at the time of his/her termination is contained in the books and records of Defendant and is ascertainable through appropriate discovery.

**Commonality**

35. There are common questions of law and fact affecting the entirety of the Class. Specifically, common questions include, without limitation:

a. whether the members of the Class were employees of Defendant who worked at, received assignments from, or reported to Defendant;

b. whether the Defendant was an employer within the scope of the WARN Act;

c. whether Defendant unlawfully terminated the employment of the members of the Class by terminating them without cause and without providing written notice sixty days in advance of termination, all in violation of the WARN Act;

d. whether Defendant unlawfully failed to pay the Class members sixty (60) days' wages and benefits as required by the WARN Act;

e. Answers to these common questions will drive the resolution of the claims shared by each member of the Class.

**Typicality**

36. Plaintiff's claims are representative of those of all members of the Class.

37. Plaintiffs are employees who were terminated beginning on or about January 12, 2026 due to the mass layoff and/or facility closing ordered by Defendant.

**Predominance and Superiority**

38. Class certification of these claims is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual Class members. These common questions include, but are not limited to:

a. whether the members of the Class were employees of Defendant who worked at, received assignments from, or reported to Defendant;

b. whether the Defendant was an employer within the scope of the WARN Act;

c. whether Defendant unlawfully terminated the employment of the members of the Class by terminating them without cause and without providing written notice sixty days in advance of termination, all in violation of the WARN Act; and

d. whether Defendant unlawfully failed to pay the Class members sixty (60) days' wages and benefits as required by the WARN Act.

39. This action should be maintained as a class action because the prosecution of separate, and largely duplicative actions by individual members of the Class would create a risk of inconsistent or varying adjudications.

40. A class action is particularly valuable in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual Class members are small compared to the expense and burden of individually prosecuting their claims.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy as it will conserve judicial resources and the resources of the parties and is likely to present significantly fewer difficulties than those presented in individual claims and adjudications. The identities of the Class members may be obtained from Defendant's records. Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23.

**Adequacy of Representation**

42. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff's interests are squarely aligned with those of individual members of the Class.

43. On or about January 12, 2026, Plaintiffs were notified of termination and terminated by Defendant as part of a mass layoff and/or facility closing, as those terms are defined

in 29 U.S.C. § 2101(a)(2) and (3). They were entitled to receive written notice under the WARN Act sixty (60) days in advance of termination and were not provided that notice.

44. Plaintiffs have retained counsel competent and experienced in complex class action lawsuits and employment litigation.

**VIOLATION OF THE FEDERAL WARN ACT**
**29 U.S.C. § 2101, *et seq*.**
**(Named Plaintiffs individually and on behalf of the Class)**

45. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

46. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

47. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.(3)(a)(1) and continued to operate as a business until it decided to order the mass layoff or plant closing of its facilities.

48. On or about January 12, 2026, and within 30 days of that date, Defendant ordered a mass layoff and/or plant closing, as that term is defined by 29 U.S.C. § 210l(a)(2)(3).

49. The mass layoff or plant closing at their facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(3) for at least fifty of Defendant's employees as well as thirty-three percent of Defendant's workforce.

50. Named Plaintiffs and the Class members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant.

51. Named Plaintiffs and the Class members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

52. Defendant was required by the WARN Act to give Named Plaintiffs and the Class members at least 60 days advance written notice of their terminations.

53. Defendant failed to give Named Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

54. Named Plaintiffs and each of the Class members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

55. Defendant failed to pay Named Plaintiffs and each of the Class members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to provide employee benefits including health insurance, for sixty (60) days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated former employees, pray for the following relief against Defendant:

A. Certification of the proposed Class;

B. Designation of Plaintiffs Jennifer Eastman and Eric McQuiston as the Class representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Declaring that Defendant violated the WARN Act;

E. A judgment against Defendant in favor of Plaintiffs and the other similarly situated former employees equal to the sum of their unpaid wages, as determined in accordance with the WARN Act, 29 U.S.C. § 2104;

F. An award of attorneys' fees and costs pursuant to the WARN Act, 29 U.S.C. § 2104(a)(6), and other applicable law;

G. Pre-judgment and post-judgment interest on all monetary awards, to the fullest extent permitted by law;

H. Injunctive and other equitable relief as the Court deems proper, including an order declaring any purported release of WARN Act unenforceable; and

I. Such other and further relief requested in the Complaint and as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Date: February 10, 2026

Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch (PA 56887)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
(412) 322-9243
gary@lcllp.com

Jesse L. Young (P72614)*
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

**Pro Hac Vice forthcoming*
*Attorneys for Plaintiffs and the Proposed Class*